United States District Court
Southern District of Texas
**ENTERED**
March 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 4:15-CR-0632-01 |
| | § | |
| ROGER MALDONADO | § | |
| | § | |
| | § | |

## MEMORANDUM AND ORDER

The defendant, Roger Maldonado (BOP #98556-379), is presently serving a 420-month prison sentence that he received as the result of his conviction for sex-trafficking offenses. Citing chronic respiratory issues and concerns about the COVID-19 pandemic, Maldonado has now filed a motion for compassionate release from imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. # 135]. The government opposes Maldonado's request, arguing that his motion is unexhausted and, alternatively, that he does not meet the criteria for relief [Doc. # 137]. Maldonado's motion for compassionate release will be denied for the reasons explained below.

## I.   BACKGROUND

After a grand jury returned an indictment against him [Doc. # 12], the government charged Maldonado in a superseding information with two counts of sex-trafficking by force, fraud, or coercion [Doc. # 60]. Maldonado waived a formal

indictment on those charges and entered a guilty plea to both counts pursuant to a written plea agreement, in which Maldonado admitted using force, threats of force, fraud, and coercion to compel two victims to perform commercial sex acts, *i.e.*, prostitution, that he benefitted from financially [Doc. # 64, at 7-10].

The Probation Office prepared a Presentence Report ("PSR"), which contained detailed accounts from witnesses showing that Maldonado compelled two underage victims — whom he repeatedly and violently assaulted — to engage in prostitution for his financial gain [Doc. # 125, at 5-11].  The PSR also detailed Maldonado's lengthy record of criminal convictions and other criminal conduct, which placed him in Criminal History Category V [*Id.* at 17-25].  After considering the PSR, the Court sentenced Maldonado to serve concurrent terms of 420 months' imprisonment on each count [Doc. # 134, at 2].

The Fifth Circuit dismissed Maldonado's appeal as frivolous in an unpublished opinion.  *See United States v. Maldonado*, No. 17-20703 (5th Cir. April 9, 2019) (per curiam) [Doc. # 133].  Maldonado remains confined and is currently serving his sentence in the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Terre Haute, Indiana ("USP-Terre Haute").  *See* United States Bureau of Prisons website, available at: https://www.bop.gov/inmateloc/ (last visited March 15, 2021).

On October 12, 2020, the Court received Maldonado's motion for

2

compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. # 135].

Maldonado seeks release on the grounds that he suffers from two chronic respiratory

conditions (asthma and bronchitis), which place him at increased risk of serious

illness or death if he remains in prison due to the COVID-19 pandemic [Doc. # 135,

at 3].[1]

## II.    DISCUSSION

### A.    Maldonado's Motion is Unexhausted

A district court is authorized to modify a term of imprisonment for

compassionate reasons under 18 U.S.C. § 3582(c)(1)(A), as amended by the First

Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239-41 (Dec.

21, 2018), upon motion of the Director of the BOP "or upon motion of the defendant

---

[1] The Court notes that Maldonado has also provided a copy of correspondence, which he reportedly sent to the United States Attorney General in October 2020, for purposes of requesting a transfer to home confinement [Doc. # 136].  A request for home confinement differs from a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Requests for home confinement are typically governed by 34 U.S.C. § 60541(g), which provides for the transfer of elderly and terminally ill inmates to home detention under certain circumstances at the discretion of the Attorney General.  Although the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") of 2020, Pub. L. No. 116-136, § 12003(b)(1)(B)(2) (March 27, 2020), gave the BOP Director discretionary authority to grant home confinement under 18 U.S.C. § 3624(c)(2), Maldonado does not allege facts showing that he has been denied home confinement due to an abuse of discretion and he does not otherwise show that this Court has jurisdiction to consider this request.  *See Cheek v. Warden of Federal Med. Ctr.*, 835 F. App'x 737, 740 (5th Cir. Nov. 4, 2020); *see also United States v. Gutierrez*, No. 2:13-CR-0617-01, 2020 WL 2850042 (S.D. Tex. June 2, 2020) (dismissing a federal prisoner's motion for home confinement for lack of jurisdiction).

after the defendant has fully exhausted all administrative rights to appeal," if the court finds that:

    i.    "extraordinary and compelling reasons warrant a reduction;" or

    ii.    the defendant is at least 70 years of age, has served at least 30 years in prison, and "a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community[.]"

18 U.S.C. § 3582(c)(1)(A). Maldonado makes no mention of submitting an administrative request for compassionate release to the warden at USP-Terre Haute and, according to the government, there is no record showing that he did so [Doc. # 137, at 3-4]. Because he has not exhausted administrative remedies as required, the government argues that Maldonado's motion must be denied [*Id.*].

The statute makes clear that a district court may not consider a defendant's motion for a reduction or modification of a term of imprisonment under § 3582(c) until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020), *cert. denied,* — S. Ct. —, 2020 WL 7132458 (U.S. Dec. 7, 2020);  *see also*

4

*United States v. Powell*, 843 F. App'x 940, 941 (5th Cir. 2021) (per curiam) (affirming dismissal of a compassionate release motion for lack of exhaustion). Because Maldonado does not allege or show that he exhausted his administrative remedies before seeking relief in federal court, his motion for compassionate release must be denied.

### B.       Alternatively, Maldonado is Not Entitled to Relief

The government argues further that that Maldonado's motion is without merit because he does not meet the criteria for relief [Doc. # 137, at 5-14]. Any reduction in sentence under § 3582(c)(1)(A) must comply with the applicable policy statement articulated by the United States Sentencing Commission.  *See* U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018) (reflecting the applicable policy statement on reductions to a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)).   If "extraordinary and compelling reasons" are found to exist, the policy statement found in U.S.S.G. § 1B1.13(2) authorizes early release only if the court finds that the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."   Decisions about whether to grant or deny a motion for compassionate release under § 3582(c)(1)(A) are discretionary, depending on the reviewing court's consideration of the applicable policy statement and other sentencing factors found in 18 U.S.C. § 3553(a).  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The Court has examined all of the pleadings and exhibits provided by the parties and concludes that Maldonado does not show that extraordinary and compelling reasons are present or that he meets the criteria for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).   The current policy statement reflects that consideration for release is limited to the following circumstances:

A. Medical Condition of the Defendant. —

    i.   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    ii.   The defendant is —

        I.   suffering from a serious physical or medical condition,

        II.   suffering from a serious functional or cognitive impairment, or

        III.   experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

B. Age of the Defendant. — The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served

6

at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

C. Family Circumstances.

    i.   The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    ii.   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

D. Other Reasons. — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. SENTENCING GUIDELINE MANUAL § 1B1.13, cmt. n. 1 (U.S. Sentencing Comm'n 2018).

Maldonado does not provide any medical records in support of his motion for compassionate release. Exhibits provided by the government show that Maldonado, who is 32 years of age, has been treated for allergic rhinitis, asthma, and bronchitis [Doc. # 137-6, at 38]. The medical records show, however, that these chronic conditions are controlled with inhalers and other medication as needed [*Id.* at 38, 40-41]. Maldonado's chest x-rays have been normal [*Id.* at 52, 57], and he is otherwise in good health.

Maldonado does not demonstrate that he is suffering from a terminal illness or that he is over the age of 65 and suffers from a serious condition that substantially

diminishes his ability to provide self-care within the correctional setting.  *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(B).  He does not otherwise establish extenuating family circumstances or that other reasons warrant relief.  *See id.* § 1B1.13, cmt. n.1(C)-(D).  Because Maldonado does not show that he fits within any of the categories found in U.S.S.G. § 1B1.13 cmt. n.1, he fails to establish an extraordinary or compelling basis for compassionate release.  *See United States v. Rivas*, 833 F. App'x 556, 558-60 (5th Cir. Nov. 2, 2020) (per curiam) (discussing the factors in the policy statement found in in U.S.S.G. § 1B1.13 cmt. n.1 (A)-(D) and concluding that the defendant failed to show that any applied).

To the extent that Maldonado expresses concern about contracting COVID-19 while incarcerated, the government has provided information showing that the BOP has taken numerous steps to stop the virus's spread within the prison environment [Doc. # 137, at 6-9].  Publicly available information from the BOP confirms that efforts are underway to vaccinate the entire federal prison population and prison staff.  *See* United States Bureau of Prisons website, available at: http://bop.gov/coronavirus (last visited March 15, 2021) (indicating that there are 124,832 federal inmates held in BOP-managed institutions and that there have been 78,225 doses of the vaccine administered to date).  Although this information reflects that there are currently six reported positive cases of COVID-19 among the inmate population at USP-Terre Haute, Maldonado does not allege specific facts showing

8

that he is at serious risk at this facility.  The Fifth Circuit has held that fear of COVID-19, standing alone, does not warrant compassionate release.  *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (observing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

Compassionate release is not appropriate in this case for other reasons.  In addition to the policy statement that governs requests for compassionate release, the Court has also carefully reviewed the record in this criminal case, which reflects that Maldonado committed multiple violent assaults against two victims, causing serious bodily injuries, while compelling them to engage in prostitution.  As noted above, the PSR reflects that Maldonado also has a long record of convictions and criminal conduct involving other violent offenses [Doc. # 125, at 17-25].  Maldonado does not provide evidence or allege facts showing that he "is not a danger to the safety of any other person or to the community," as provided in 18 U.S.C. § 3142(g).  A reduction in sentence is not warranted under these circumstances.  *See Chambliss*, 948 F.3d at 694 (affirming the denial of compassionate release for an inmate suffering from terminal cancer who had committed a violent offense); *United States*

*v. Barnes*, No. 3:13-cr-38, 2020 WL 5437738, at *2 (S.D. Miss. Sept. 10, 2020) (Compassionate release "is not and does not apply to those who present a danger of . . . harm to the community.").

Based on this record, the Court finds that a balance of the sentencing factors found in 18 U.S.C. § 3553(a) do not support a reduction in sentence because Maldonado's release would result in a sentence that does not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or deter criminal conduct while protecting the public from further crimes. Because Maldonado does not show that he is eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A), his motion will be denied.

## III.   <u>CONCLUSION AND ORDER</u>

Accordingly, it is **ORDERED** that the motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) filed by Roger Maldonado [Doc. # 135] is **DENIED**.

The Clerk will provide a copy of this order to the parties of record.

SIGNED at Houston, Texas on __March 16_____, 2021.


NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE